IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| FRED L. HARRIS | § | |
| v. | § | CIVIL ACTION NO. 9:08cv208 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Fred L. Harris, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of prison disciplinary action taken against him. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Harris was convicted of the disciplinary offense of possession of a cell phone, receiving as punishment the loss of 45 days of good time and a change in his custodial classification level. Harris states that he is ineligible for release on mandatory supervision.

Harris' primary contention in his habeas corpus petition is that the evidence was insufficient to support the disciplinary conviction. After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be dismissed because Harris had failed to show the deprivation of a constitutionally protected liberty interest under Sandin v. Conner, 115 S.Ct. 2293 (1995). Harris filed objections to the Magistrate Judge's Report on November 7, 2008.

In his objections, Harris again argues that there was no evidence to support the conviction. He argues that any amount of lost good time is not *de minimis*, saying that when the State has created a liberty interest in good time credits, no amount of such credits may be stripped from an inmate without affording him the protections of due process. Harris cites Teague v. Quarterman, 482 F.3d

1

769 (5th Cir. 2007) and Morgan v. Dretke, 433 F.3d 455 (5th Cir. 2005) in support of his contentions.

In Teague, the Fifth Circuit held that the deprivation of any amount of good time was not *de minimis* and required the protections of due process where a liberty interest was implicated. With regard to the question of a liberty interest, the Court stated as follows:

> Here, Teague's petition is premised on the claim that the Texas mandatory supervision scheme provides him with a protected liberty interest in his previously earned good time credits, so that Texas may not deprive him of such credits without first affording him the requisite due process.

Teague, 482 F.3d at 774. In the present case, by contrast, Harris conceded that he was not eligible for mandatory supervision at all. As the Magistrate Judge stated, Harris has failed to show the deprivation of a constitutionally protected liberty interest, and so his habeas corpus petition is without merit.

In Morgan, the Fifth Circuit held that there must be "some evidence" to support a finding of guilt in a prison disciplinary case. With regard to the question of a liberty interest, the Fifth Circuit explained as follows:

> We note here for completeness' sake that it is the protected liberty interest in good time credits that implicates due process concerns and that state law determines whether good time credits constitute a protected liberty interest in a given state.

Morgan, 433 F.3d at 457 n.2. In this case, because Harris is not eligible for release on mandatory supervision, the deprivation of good time credits affects only the possibility of release on parole, in which he has no constitutional expectancy, and so no liberty interest is implicated. *See* Richards v. Dretke, 394 F.3d 291, 204 (5th Cir. 2004); Malchi v. Thaler, 211 F.3d 953, 956 (5th Cir. 2000). Because no liberty interest is implicated, Harris has failed to show a valid basis for habeas corpus relief, and his objections to the Report of the Magistrate Judge are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such review, the Court has determined that the Magistrate Judge's Report is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Fred L. Harris is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED** this the **25** day of **November, 2008.**

Thad Heartfield
United States District Judge